1  Matthew Bergman, WSBA 20894
   Brendan E. Little, WSBA #43905
2  BERGMAN DRAPER OSLUND UDO, PLLC
   821 2nd Avenue, Suite 2100
3  Seattle, WA 98104
   Telephone: (206) 957-9510
4  Facsimile: (206) 957-9549
   Email: matt@bergmanlegal.con
5          brendan@bergmanlegal.com
           service@bergmanlegal.com
6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
9                           AT SEATTLE

10

BARBARA R. SPERL, individually and on behalf          NO.
11 of the Estate of Phillip A. Sperl,

12              Plaintiff,                             COMPLAINT FOR WRONGFUL
                                                      DEATH AND SURVIVORSHIP
13              v.                                    JURY DEMAND

14 **CROWN CORK & SEAL COMPANY, INC.**;
   **CURTISS-WRIGHT CORPORATION**;
15 **HONEYWELL INTERNATIONAL INC.**,
     successor-in-interest to ALLIED SIGNAL,
16   INC., successor-in-interest to BENDIX
     CORPORATION;
17 **IMO INDUSTRIES, INC.**, individually and as
     successor-in-interest to ADEL FASTNERS;
18 **LOCKHEED MARTIN CORPORATION**;
   **NORTHROP GRUMMAN CORPORATION**;
19 **RAYTHEON TECHNOLOGIES**
     **CORPORATION**;
20 **THE BOEING COMPANY**; and
   **VIACOMCBS, INC.**,
21
                Defendants.
22

23

COMPLAINT FOR WRONGFUL DEATH AND                      BERGMAN DRAPER OSLUND UDO
SURVIVORSHIP - 1                                      821 2ND AVENUE, SUITE 2100
                                                      SEATTLE, WA 98104
                                                      TELEPHONE: 206.957.9510

## I.     PARTIES

1.      Plaintiff Barbara R. Sperl, resides in Salem, Oregon and is the former spouse and personal representative of the estate of Phillip A. Sperl, deceased.

2.      Defendants are corporations incorporated and with their principal places of business outside the State of Washington.

3.      Defendants and/or their predecessors-in-interest are corporations or other entities responsible for exposing Plaintiff's decedent Phillip A. Sperl, to asbestos.  They include companies that manufactured and placed into the stream of commerce equipment that included asbestos-containing components, or equipment designed and intended to be used in conjunction with asbestos-containing components, manufacturers, and suppliers of asbestos-containing materials used by Mr. Sperl.

## II.     JURISDICTION

4.      This Court has diversity jurisdiction over the above-captioned cause because the amount in controversy exceeds $100,000 and Plaintiffs and Defendants are residents of different states. The court has specific jurisdiction over the out-of-state defendants because they all purposely availed themselves of the benefits of transacting business in Washington State, Plaintiffs' claim arises out of and relates to defendants' contacts in Washington and the Court's exercise of jurisdiction over this matter comports with traditional notions of fair play and substantial justice.

## III.     FACTS

**A.      Defendant VIACOMCBS, INC.**

5.      Defendant VIACOMCBS Corp., through its predecessor Westinghouse Electric Corp., designed, manufactured, marketed, and sold jet engines that were equipped with asbestos-containing parts and products, including but not limited to the J34 jet engine.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 2

6.      Phillip Sperl served in active duty in the Navy from 1957-60 and served in the Naval Reserves from 1960-1963 out of Whidbey Island Naval Air Station in Washington state ("NAS Whidbey").

7.      As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos from J34 jet engines while performing maintenance and repair work on aircraft, including Lockheed P-2 Neptune airplanes.

**B.      Defendant Curtiss-Wright Corp.**

8.      Defendant Curtiss-Wright Corp designed, manufactured, marketed, and sold aircraft and jet engines that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to R-3350 and R-1820-76A Cyclone 9 engines.

9.      As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on aircraft that utilized Curtiss-Wright R-3350 engines, including Lockheed P-2 Neptune aircraft.

10.      From May 1965 through December 1966, while working the US Civil Service, Department of Defense out of the Portland International Airport in Oregon, Phillip Sperl performed maintenance and repair work on HU-16 Albatross aircraft, exposing him to asbestos from Curtiss-Wright R-1820-76A Cyclone 9 engines.

11.      Phillip Sperl was further exposed to asbestos while he performed maintenance on C-119 aircraft powered by Curtiss-Wright R-3350 engines.

**C.      Defendant Crown Cork & Seal Co.**

12.      Defendant Crown Cork & Seal Co. manufactured, marketed, and sold asbestos-containing insulation products, including Mundet, that were used and/or disturbed in Mr. Sperl's presence while he was performing work in the Navy as an aircraft maintenance technician.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 3

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE:  206.957.9510

13.     From approximately 1957 to 1960, Mundet insulation was applied, removed, and/or disturbed from steam pipes used in the aircraft maintenance hangars and shops at NAS Whidbey island where Mr. Sperl was performing work as an aircraft maintenance technician.

**D.    Defendant Honeywell International, Inc.**

14.     Defendant Honeywell International, Inc., as successor to Bendix Corp., designed, manufactured, marketed, and sold asbestos-containing braking components used on the aircraft on which Phillip Sperl regularly performed repair and maintenance work.

15.     Phillip Sperl was exposed to asbestos while performing maintenance and repair work on aircraft brake components that utilized asbestos containing Bendix brand brakes and friction materials throughout his career as an aircraft mechanic from 1957 through 1971.

**E.     Defendant IMO INDUSTRIES, INC., individually and as**

16.     IMO INDUSTRIES, INC., individually and as successor-in-interest to ADEL FASTNERS, designed, manufactured, marketed, and sold asbestos-insulated clamps used on the aircraft on which Phillip Sperl regularly performed repair and maintenance work.

17.     Phillip Sperl was exposed to asbestos while performing maintenance and repair work Adel brand hose and wire clamps that utilized an asbestos liner throughout his career as an aircraft mechanic from 1957 through 1971.

**F.     Defendant Lockheed Martin Corp.**

18.     Defendant Lockheed Martin Corp. designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Lockheed P-2 Neptune airplanes.

19.     As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Lockheed aircraft, including Lockheed P-2 Neptune airplanes.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 4

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

**G.     Defendant Northrop Grumman**

20.     Defendant Northrop Grumman designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Grumman F9F-8, 8T Cougar, and HU-16 airplanes.

21.     As an aircraft mechanic at NAS Whidbey, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Lockheed aircraft, including Grumman F9F-8 and 8T Cougar airplanes.

22.     Phillip Sperl was also exposed to asbestos from asbestos-containing parts and materials while performing maintenance and repair work on Grumman HU-16 airplanes in 1965 and 1966 while working in the U.S. Civil Service in Portland, Oregon.

**H.     Defendant Raytheon Technologies Corp. d/b/a Pratt & Whitney**

23.     Defendant Raytheon Technologies, doing business as Pratt & Whitney, designed, manufactured, marketed, and sold aircraft engines that were equipped with asbestos-containing parts and utilized asbestos materials, including but not limited to Pratt & Whitney J48-P-8 turbojet engines, JT8D turbofan engines, JT3D turbofan engines, JT3C-6 turbojet engines, and R-4360-30 engines.

24.     While performing aircraft maintenance and repair work at NAS Whidbey, Phillip Sperl was exposed to asbestos from Pratt and Whitney J48-P-8 engines on Northrup Grumman F9F-8 and 8T Cougar aircraft.

25.     From approximately 1963 through 1965, Phillip Sperl was exposed to asbestos while performing aircraft maintenance and repair work as a mechanic for United Airlines out of the San Francisco International Airport on Pratt & Whitney turbofan engines used on Boeing airplanes, including 707s, 720s, and 727s.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 5

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

26.     As a mechanic for United Airlines, Phillip Sperl was further exposed to asbestos while performing aircraft maintenance and repair work as a mechanic for United Airlines out of the San Francisco International Airport on Pratt & Whitney JT3C-6 turbojet engines used on Douglas DC-8 and DC-8-10 airplanes.

27.     While working for the U.S. Civil Service from May 1965 until December 1966, Phillip Sperl was exposed to asbestos through maintenance and repair work he performed on Pratt & Whitney R-4360-30 engines on Grumman C-119 airplanes.

28.     In 1969, Phillip Sperl was exposed to asbestos through maintenance and repair work he performed on Pratt & Whitney engines on Douglas DC-8 airplanes as a mechanic for SFO Helicopter, Inc.

I.     **Defendant The Boeing Company**

29.     Defendant The Boeing Company, individually and as successor to Douglas Aircraft Corp., designed, manufactured, marketed, and sold aircraft that were equipped with asbestos-containing parts and utilized asbestos products, including but not limited to Boeing 720s, 727s, and 707s, as well as Douglas DC-8 and DC-8-10 airplanes.

30.     As an aircraft mechanic at United Airlines, Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Boeing 720, 727, and 707 aircraft.

31.     As an aircraft mechanic at SFO Helicopter Inc., Phillip Sperl was exposed to asbestos while performing maintenance and repair work on Douglas DC-8 aircraft.

32.     From 1969 through 1971, Phillip Sperl was a mechanic at Wein Consolidated Airlines Aviation and was exposed to asbestos while performing maintenance and repair work on Boeing 737 aircraft.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 6

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

#### IV.   PLAINTIFFS' CLAIMS

#### COUNT I - STRICT PRODUCT LIABILITY

33.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 32 as if fully stated herein.

34.     Under Restatement (Second) of Torts § 402(a) one who sells any product in a defective condition unreasonably dangerous to the user or consumer is subject to liability for physical harm thereby caused to the user if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition which it was sold.

35.     Defendants designed, manufactured, marketed, and sold products that contained, or were designed to be utilized with, asbestos-containing parts and materials that were unreasonably dangerous.

36.     Defendants' products were unreasonably dangerous because they contained asbestos, a known carcinogen, and Defendants failed to adequately warn users of the hazards of asbestos, substitute safer alternative substances, remove the asbestos, or otherwise make their products safe for users like Mr. Sperl.

37.     Plaintiff Phillip Sperl was repeatedly exposed to asbestos from Defendants' unreasonably dangerous products, thereby causing him to develop mesothelioma, a rare and fatal cancer caused by asbestos.

38.     Phillip Sperl passed away on June 18, 2020 as a result of his mesothelioma.

#### COUNT II - NEGLIGENCE

39.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 38 as if fully stated herein.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 7

40.     At all relevant times, Defendants had a duty to exercise reasonable care and caution for the safety of individuals using their products, such as Phillip Sperl and others working with and around Defendants' asbestos-containing materials, products, equipment, machines and technologies.

41.     Defendants knew, or should have known, that the asbestos fibers contained in the materials, products, equipment, machines, technologies, used and or/ located at the above products, had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting, or otherwise absorbing them.

42.     Defendants were negligent, grossly negligent, reckless and/or careless in that they failed to exercise ordinary care and caution for the safety of those working with and around their products, including Phillip Sperl.

43.     Defendants were negligent in failing to conduct adequate testing to determine the level of airborne asbestos fibers emitted by Defendants' products that it was reasonably foreseeable that individuals such as plaintiff would be exposed to in the work environment.

44.     Defendants were negligent in failing to provide adequate warnings about the dangers associated with the use of asbestos products and in failing to advise individuals about how and when to utilize proper respiratory protection.

45.     Defendants were negligent in failing to test their products to ascertain whether and to what extent known ingredients were contaminated with asbestos or otherwise contained asbestos.

46.     Defendants were negligent in failing to recall its products after discovering the presence of asbestos in the product and the associated risk of mesothelioma.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 8

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

47.     Defendants were negligent in failing to instruct consumers and end users as to adequate safe means of handling and applying the product so as to mitigate or eliminate the risk of exposure to respirable asbestos fiber.

48.     Defendants were negligent in failing to comply with applicable federal or state regulations or statutes then governing the sale, use, and handling of asbestos.

49.     As a result of Defendants' negligence, Phillip Sperl was repeatedly exposed to asbestos from Defendants' products, thereby causing him to develop mesothelioma, a rare and fatal cancer caused by asbestos.

**COUNT III - LOSS OF CONSORTIUM**

50.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 49 as if fully stated herein.

51.     As a direct and proximate results of Defendant's acts and/or omissions as alleged herein, Plaintiff Barbara Sperl has suffered the loss of her husband's society, love, companionship, comfort, and support prior to the time of his death.

**COUNT V- WRONGFUL DEATH**

52.     Plaintiffs reallege each and every allegation contained in paragraphs 1 through 51 as if fully stated herein.

53.     Plaintiff is entitled to recover for the Claims stated because Defendants' wrongful acts and/or omissions set forth in Counts I through III caused Phillip Sperl's death.

54.     Plaintiff Barbara Sperl is the personal representative of the Estate of Phillip Sperl and, as such, has standing to bring this wrongful death action.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 9

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for monetary damages for the following harm:

1. Past physical and mental pain and suffering of the decedent, Phillip Sperl, in an amount to be more readily ascertained at the time and place set for trial;

2. Loss of enjoyment of life, in an amount to be more readily ascertained at the time and place set for trial;

3. Past medical care expenses for the care and treatment of the injuries sustained by Phillip Sperl, in an amount to be more readily ascertained at the time and place set for trial.

4. Past impairment to capacity to perform everyday activities;

5. Plaintiffs' pecuniary loss and loss of Phillip Sperl's services, comfort, care, society and companionship;

6. Past loss of household services;

7. Punitive damages based on the application of other states' law;

8. For the reasonable costs and attorney and expert/consultant fees incurred in prosecuting this action; and

9. For such other and further relief as this Court deems just and equitable.

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 10

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510

DATED this 24th day of June 2021.

BERGMAN DRAPER OSLUND UDO, PLLC

_/s/ Brendan E. Little_
Matthew P. Bergman, WSBA #20894
Brendan E. Little, WSBA #43905
821 2nd Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 957-9510
Fax: (206) 957-9549
Email: matt@bergmanlegal.com
           brendan@bergmanlegal.com
           service@bergmanlegal.com
Attorneys for Plaintiff

COMPLAINT FOR WRONGFUL DEATH AND
SURVIVORSHIP - 11

BERGMAN DRAPER OSLUND UDO
821 2ND AVENUE, SUITE 2100
SEATTLE, WA 98104
TELEPHONE: 206.957.9510